# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| REBECCA LYNN SCHWINNEN, | Case No. 2:23-cv-575 |
| Plaintiff, | District Judge Michael H. Watson |
| vs. | Magistrate Judge Kimberly A. Jolson |
| OHIO REFORMATORY FOR WOMEN, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff, a resident of Defiance, Ohio, and a former prisoner at the Ohio Reformatory for Women ("ORW"), brings this *pro se* civil rights action, which the Court construes as filed pursuant to 42 U.S.C. § 1983,[1] challenging the medical care she received at ORW.  By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

---

[1] *See Jordan v. Moore*, No. 99-3489, 2000 WL 145368, at *1 (6th Cir. Feb. 2, 2000) (noting that "the district court properly construed the complaint as filed under 42 U.S.C. § 1983 as this circuit does not recognize direct constitutional claims against local officials and municipalities").  *See also Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).

I.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

II.

In her complaint, Plaintiff alleges that non-defendant staff members at ORW denied her adequate medical care while she was incarcerated there. (Doc. 1, at PageID 6–9).[2]

For relief, Plaintiff directs the Court to a "Personal Injury Release" agreement attached to the complaint. (*Id.*, at PageID 10–14).

---

[2] To the extent that Plaintiff alleges that non-defendants violated her constitutional rights, the Court does not address those allegations since those individuals are not named as defendants.

3

Although Plaintiff names ORW as the sole Defendant, to state a claim under 42 U.S.C. § 1983 a plaintiff must allege that the claimed federal violation "was committed by a person acting under color of state law." *See West v. Atkins,* 487 U.S. 42, 48 (1988).  A state prison facility is not an entity that is capable of being sued under § 1983. *Cf. DiBiase v. Lake Cty. Detention Facility,* No. 1:12cv944, 2012 WL 3061448, at *2 (N.D. Ohio July 26, 2012) (and cases cited therein) (holding a detention facility is "not a 'person' subject to suit under § 1983"); *Kimbrough v. Lois DeBerry Special Needs Facility,* No. 3:12cv782, 2012 WL 3597208, at *2 (M.D. Tenn. Aug.17, 2012) (and cases cited therein) (holding that "the state prison facility, itself, is not a person or a legal entity that can be sued under 42 U.S.C. § 1983"); *Poole v. Michigan Reformatory,* No. 09–cv–13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept.11, 2009) (and cases cited therein) (holding that state prisons operated by the state department of corrections "are not 'persons' or legal entities subject to suit under 42 U.S.C. § 1983").

It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** as to ORW. However, it is further **RECOMMENDED** that Plaintiff be granted leave to amend her complaint to rectify this deficiency.  In her amended complaint, Plaintiff should name as a defendant any person she contends is actually and personally responsible for the alleged violation of her rights. *See Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) ("[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury.").  Plaintiff is also reminded that Rule 8(a) of the Federal Rues of Civil Procedure requires that a complaint contain "a demand for the relief sought[.]"  Fed. R. Civ. P. 8(a)(3).

III.

For the reasons explained above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's complaint against ORW but **GRANT** Plaintiff leave to file, within twenty-eight days of any Court Order adopting this Report and Recommendation, an amended complaint naming the proper defendants.

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO RECOMMENDED.**


Date:  March 7, 2023                    /s/ Kimberly A. Jolson
                                        KIMBERLY A. JOLSON
                                        UNITED STATES MAGISTRATE JUDGE